JS-6

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT MITCHELL,<br><br>    Petitioner,<br><br>    v.<br><br>BRYAN BIRKHOLZ, Warden,<br><br>    Respondent. | Case Nos. CV 23-10000 JWH (MRW)<br>CV 24-1415 JWH (MRW)<br><br>**ORDER DISMISSING ACTIONS** |

The Court dismisses these duplicative habeas actions based upon the failure of a <u>pro se</u> litigant to follow court orders or to update his address with the Court.

1. At the time of the commencement of these actions, Petitioner Mitchell was an inmate at the federal prison facility in Lompoc. He filed two habeas actions in this judicial district in late 2023 and early 2024. Both actions presented similar challenges to the existence of a detainer in Petitioner's prison record and complained about retaliation from prison staff.

2. Following the commencement of the 2023 Action, Magistrate Judge Wilner issued a case management order that specifically informed Petitioner of his obligation under L.R. 41-6 to "keep the Court informed of a correct mailing address" for him or risk dismissal of the action. (2023 Action, Docket # 6 at 3.)

3. The government moved to dismiss the 2023 Action on various grounds. (2023 Action, Docket # 8.) While that motion was pending, Petitioner initiated the second habeas action. (2024 Action, Docket # 1.)

4. Magistrate Judge Wilner issued an order to show cause why the 2024 Action should not be dismissed as duplicative of the 2023 Action. (2024 Action, Docket # 4.) That OSC (and other case-commencing documents) were addressed to a non-custody address in San Francisco per Petitioner's change of address request. (2023 Action, Docket # 10.) The U.S. Postal Service returned those items as undeliverable. (2024 Action, Docket # 6-9.)

5. In March 2024, Judge Wilner issued an OSC in both habeas actions. The OSC noted the returned mail and duplicative

1 case filings.  (2024 Action, Docket # 10.)  Additionally, Judge Wilner informed the parties that he confirmed via the BOP's inmate locator website that Petitioner was no longer incarcerated at Lompoc.  The magistrate judge ordered Petitioner to explain why the actions were not moot and what habeas relief this district court could properly give him given his release from custody.

6. Petitioner failed to file any response to that OSC in either of the pending actions.  The Court and the government therefore have no way of contacting Petitioner to advance this case.

7. Rule 41(b) of the Federal Rules of Civil Procedure provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Dismissal also may be ordered by the Court sua sponte.  Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).  Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants.  Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010).  Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation.  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

8. Additionally, L.R. 41-6 provides in pertinent part:
> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number[.]  If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the

> service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

The dismissal of an action based on a litigant's failure to inform a district court of his or her address is reviewed for abuse of discretion. Carey, 856 F.2d at 1440; Hickman v. County of Butte, 586 F. App'x 285 (9th Cir. 2014) (same).

9. In the present action, the Court concludes that dismissal is appropriate. Petitioner failed to respond to a direct instruction from the magistrate judge to explain the basis for his duplicative habeas actions. Moreover, Petitioner failed to provide the Court with up-to-date contact information following his release from prison. As a result, an order of this Court and other documents have been returned as undeliverable. The magistrate judge previously ordered Plaintiff to update his address with the Court as required by L.R. 41-6 if he was released from custody. Plaintiff's failure to do so demonstrates that he has no interest in advancing the action here.

10. By contrast, the Court, the government, and the public have a strong interest in terminating this action. This is particularly true given that Petitioner effectively chose to abandon both cases by failing to update this Court with his current whereabouts, thereby preventing any feasible advancement of either habeas action. The Court finds that dismissal is appropriate under Rule 41(b) and L.R. 41-6. Furthermore, because Plaintiff is a pro se litigant who did not abide by the Local Rules or the Court's previous order, no

sanction short of dismissal will be effective in moving this case forward. <u>Carey</u>, 856 F.2d at 1440.

11. Therefore, both habeas actions are **DISMISSED without prejudice** under Rule 41 and the parallel Local Rule.

**IT IS SO ORDERED.**

Dated: May 13, 2024

HON. JOHN W. HOLCOMB
U.S. DISTRICT JUDGE